# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| EROL TASKIN,<br>        Appellant, | DOCKET NUMBER<br>SF-0752-19-0176-B-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE:  May 29, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Erol Taskin, Orlando, Florida, pro se.

Vanessa Lichtenberger, San Francisco, California, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the remand initial decision, which (1) denied his request for restoration and (2) dismissed his involuntary resignation claim for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's involuntary resignation claim, we AFFIRM the remand initial decision.

<u>We agree that the appellant did not show that the agency's restoration denial was arbitrary and capricious.</u>

We have considered all of the appellant's assertions on review regarding his restoration claim; however, we find that they do not provide a basis to disturb the administrative judge's conclusion that the appellant did not show that the agency's restoration denial was arbitrary and capricious. Remand Petition for Review (RPFR) File, Tab 1; Remand File (RF), Tab 24, Remand Initial Decision (RID) at 5-6. Indeed, the record evidence supports the administrative judge's finding that, when the appellant sought to return to duty on August 31, 2017, the agency, on September 1, 2017, reasonably requested updated medical information so that it could determine the then-current scope of his medical limitations, if any; however, the appellant "flatly refused and resigned the same day," giving the agency "no meaningful opportunity to engage with him in an effort to understand his medical restrictions." RID at 5-6; *Taskin v. Department of Veterans Affairs*, MSPB Docket No. SF-0752-19-0176-I-1, Initial Appeal File, Tab 6 at 172-75, 179-80.

<u>We agree that the Board lacks jurisdiction over the appellant's involuntary resignation claim; however, we supplement the administrative judge's analysis.</u>

An employee-initiated action, such as a resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction. *See Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1340-41 (Fed. Cir. 2001). Nevertheless, the Board has recognized that employee-initiated actions that appear voluntary on their face are not always so and, assuming the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, the Board may have jurisdiction over such actions as constructive adverse actions. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 7 (2013). All constructive adverse actions have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Id.*, ¶ 8. In analyzing voluntariness, the touchstone is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 19 (2007); *see Bean*, 120 M.S.P.R. 397, ¶¶ 8, 11 (explaining that the agency's wrongful actions must have deprived the employee of a meaningful choice). In assessing voluntariness, the Board must consider all surrounding circumstances, including the events not immediately preceding the resignation. *See Shoaf*, 260 F.3d at 1342. When discrimination is alleged in connection with a claim of involuntariness, evidence of discrimination may only be addressed insofar as it relates to the issue of voluntariness and not whether such evidence meets the test for proof of discrimination under Title VII. *Markon v. Department of State*, 71 M.S.P.R. 574, 578 (1996).

Here, the appellant argued that he was compelled to resign because (1) the agency requested updated medical information before allowing him to return to work and (2) he believed that his continued use of leave without pay (LWOP) would impact his retirement eligibility and healthcare premiums. RID at 9. Regarding the former claim, we discern no basis to disturb the administrative

judge's findings that the agency permissibly requested updated medical information to understand what job duties the appellant was able to perform; however, he refused to provide any information or engage with the agency. *Id.* at 6, 10; *see Martin v. U.S. Postal Service*, 2022 MSPB 22, ¶¶ 11-12. Thus, we agree that the appellant did not show that the agency took any wrongful action regarding its request for medical information. *See Bean*, 120 M.S.P.R. 397, ¶ 11.

Regarding the latter claim, the administrative judge reasoned that the appellant's beliefs regarding the impact of his use of LWOP "were based on information from the Office of Personnel Management and [the appellant's] own research," not on any information from the agency, and therefore the appellant had not shown that the agency had taken any wrongful action in this regard. RID at 10 (citing RF, Tab 21 at 7, Tab 22 at 23-25). Although not raised on review, the record indicates that the appellant asserted that he had also received information regarding LWOP from an agency human resources employee. RF, Tab 21 at 7, Tab 22 at 24. Accordingly, we supplement the remand initial decision to find that, to the extent the appellant argued that this agency employee provided him with misinformation regarding LWOP, he did not prove this claim by preponderant evidence. To this end, the agency provided an affidavit from the human resources employee identified by the appellant wherein the employee clearly stated that she "did not answer questions about LWOP or its impact during [her] meeting with [the appellant]" and that, during the relevant timeframe, "questions relating to LWOP would be referred to staff in Employee and Labor Relations." RF, Tab 22 at 34-35. Moreover, even if this employee had provided the appellant with incorrect information regarding LWOP, we agree with the administrative judge's implicit finding that any such misinformation would not have deprived the appellant of freedom of choice regarding his resignation because the appellant had the option of providing medical information to, or engaging with, the agency. RID at 10; *see Bean*, 120 M.S.P.R. 397, ¶ 11.

Accordingly, we agree that the appellant did not establish Board jurisdiction over his involuntary resignation claim.[2]

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

_____

[2] We have considered all of the appellant's assertions on review regarding his involuntary resignation claim; however, we find that they do not provide a basis to disturb the administrative judge's conclusion that the appellant did not meet his jurisdictional burden. RPFR File, Tab 1; RID at 9-12.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.